The STATE of Ohio, Appellee,

v.

WOODMAN, Appellant.*

[Cite as *State v. Woodman* (1997), 122 Ohio App.3d 774.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Decided Nov. 10, 1997.

---

* A discretionary appeal to the Supreme Court of Ohio was dismissed as having been improvidently allowed in (1998), 81 Ohio St.3d 1259, 691 N.E.2d 1052.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*Robert H. Woodman, pro se.*

PEGGY BRYANT, Judge.

Defendant-appellant, Robert H. Woodman, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for postconviction relief pursuant to R.C. 2953.21. Because the trial court properly denied defendant's motion, we affirm.

By indictment filed in March 1991, defendant was charged with two counts of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. On May 17, 1991, defendant entered a guilty plea to one count of rape; following a psychological examination, defendant was sentenced by entry filed July 11, 1991.

On September 19, 1996, defendant filed a motion for postconviction relief, contending that the General Assembly's passage of Am.Sub.S.B. No. 2 effectively repealed the statutes under which defendant was sentenced; that because the amended statutes impose lesser penalties for identical conduct, they are a remedial law which the trial court has a duty to apply retroactively; and that defendant's continued imprisonment under the former statutes violates defendant's constitutional rights. Following briefing, the trial court issued a decision and judgment entry denying defendant's petition for postconviction relief, concluding that "defendant's previously imposed sentence is not altered by S.B. 2, effective July 1, 1996," and that defendant's sentence does not violate his constitutional rights. Defendant appeals, assigning the following errors:

"1. The trial court erred in not ruling on appellant's 'motion to supplement' and 'motion to amend.'

"2. The trial court erred in its findings of fact and conclusions of law by not addressing appellant's equal protection and lenity claims, nor most other claims with sufficient exactness and depth.

"3. The trial court erred in its first conclusion of law that '[t]he Ohio Revised Code provides that the defendant's previously–imposed sentence is not altered by Senate Bill 2, effective July 1, 1996,' because the non–retroactivity provision of 1996 Am. Sub. S.B. 269 is unconstitutional, and because the Revised Code provisions called into the decision were not meant to support the continuance of a constitutionally–impermissible punishment.

"4. The trial court erred in finding that appellant's sentence does not constitute cruel and unusual punishment, because it did not properly apply the U.S. Supreme Court–mandated test for that issue.

"5. The trial court erred in concluding that appellant's sentence did not deny due process of law; appellant clearly raised both equal protection and fundamental fairness claims and showed how both were violated.

"6. The trial court erred in holding that Senate Bill 2 did not constitute a bill of attainder; the narrowness of the class drawn and the effective punitiveness of the language in Section 3, S.B. 269, clearly invokes Article I, Section 10, United States Constitution.

"7. The trial court erred in holding that appellant's sentence did not violate the *ex post facto* clause of the U.S. Constitution; federal case law says that when a new, lesser standard of punishment comes into effect, it can be an *ex post facto* violation not to grant sentence under the lesser standard.

"8. The trial court erred in holding that appellant lacked substantive grounds for relief; the constitutional questions raised by appellant cry out for relief."

Because defendant's assigned errors are interrelated, we address them jointly. Together, they assert the trial court erred in finding that the failure to apply Am.Sub.S.B. No. 2 retroactively violates defendant's constitutional rights.

■ Am.Sub.S.B. No. 2 significantly changes the sentencing laws in Ohio. Effective on July 1, 1996, Am.Sub.S.B. No. 2 specifically provides that the sentencing provisions in existence before July 1, 1996 apply "to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date." Further clarifying, the legislation provides that the "provisions of. the Revised Code in existence on or after July 1, 1996, apply to a person who commits an offense on or after that date." Defendant here was sentenced on July 11, 1991, obviously for an offense committed before July 1, 1996. By its terms, Am.Sub.S.B. No. 2 cannot apply to defendant's sentence, and the trial court could not properly have sentenced defendant pursuant to the new legislation. *State v. Powers* (Sept. 3, 1996), Franklin App. No. 96APA02–197, unreported, 1996 WL 506764.

Relying on R.C. 1.58(B), defendant nonetheless contends that the trial court should have reduced his sentence to that which would apply under the recently enacted legislation. Even if we apply the language of R.C. 1.58 to defendant's case, it affords him no reduced sentence. R.C. 1.58(B) provides that if the penalty for an offense is reduced by an enactment or amendment of a statute, the penalty or punishment, *if not already imposed,* shall be imposed according to the statute as amended. Here, defendant's sentence for the offense of rape clearly had been imposed at the time the amendment to the sentencing laws became effective. Indeed, defendant was sentenced not only before Am. Sub.S.B. No. 2 became effective, but even before the legislation was signed by the Governor. Thus, even if R.C. 1.58(B) is applied to the new sentencing plan set forth in Am.Sub.S.B. No. 2, it would not compel a reduction of defendant's sentence. Moreover, because R.C. 1.58(B) does not apply to the circumstances of defendant's case, defendant lacks standing to challenge the exception to R.C. 1.58 he notes in Am.Sub.S.B. No. 269. See *State v. Baisden* (Sept. 9, 1997), Franklin App. No. 97APA02–235, unreported, 1997 WL 566190.

Defendant's petition also does not state a claim for violation of his equal protection or due process rights. In *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349, the Supreme Court specifically held that "the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution." See, also, *State v. Fannin* (Feb. 11, 1997), Franklin App. No. 96APA07–935, unreported, 1997 WL 65529.

Defendant next contends that the trial court erred in failing to find cruel and unusual punishment in the failure to retroactively apply Am.Sub.S.B. No. 2. Defendant, however, does not contend that his sentence was outside the bounds of a proper sentence at the time it was imposed. At the time sentence was imposed, defendant thus would have had no basis for attacking the punishment then in effect. *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69, 30 O.O.2d 38, 39, 203 N.E.2d 334, 336 ("As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment."). Moreover, the amendment of a criminal statute reducing the punishment for its violation does not render a more severe sentence, imposed under the former statute, cruel and unusual. *Id.* As a result, defendant's claim of cruel and unusual punishment fails.

Defendant also contends that Am.Sub.S.B. No. 2 constitutes a bill of attainder. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the

protections of a judicial trial." *Nixon v. Adm. of Gen. Serv.* (1977), 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867, 907. Defendant's argument is unpersuasive. Am.Sub.S.B. No. 2 arguably does not apply to a narrowly drawn group of persons, as it applies to all defendants convicted of criminal offenses committed after July 1, 1996. While defendant may contend that that class is too narrowly drawn, the prohibition against bills of attainder does not invalidate every legislative act that burdens one group but not all. *Id.* at 471, 97 S.Ct. at 2804–2805, 53 L.Ed.2d at 908–909. More significantly, however, not only does Am.Sub.S.B. No. 2 inflict no punishment without judicial trial, but it inflicts no punishment on defendant, who received his punishment through the judicial process as a result of laws apart from Am.Sub.S.B. No. 2.

■■ Alternatively, defendant contends his sentence violates the Ex Post Facto Clause of the United States Constitution. Section 10, Article I, United States Constitution, the Ex Post Facto Clause, prohibits changes in law which meet two critical elements: " 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.' " *State ex rel. Corrigan v. McAllister* (1985), 18 Ohio St.3d 239, 241, 18 OBR 296, 298, 480 N.E.2d 783, 786, quoting *Weaver v. Graham* (1981), 450 U.S. 24, 29, 101 S.Ct. 960, 964–965, 67 L.Ed.2d 17, 23–24. Again, defendant's argument is unpersuasive. Am.Sub.S.B. No. 2, by its terms, is not to be applied retroactively to defendant's case. Moreover, defendant's reliance on *Lynce v. Mathis* (1997), 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63, is misplaced. In *Lynce,* the Supreme Court found the challenged statute violated the Ex Post Facto Clause because it increased a prisoner's punishment by cancelling credits awarded toward early release. Here, Am.Sub.S.B. No. 2 does not affect defendant's sentence; rather it creates a different sentencing scheme for those who commit crimes after July 1, 1996.

■ Finally, defendant contends that the trial court erred in failing to grant his motion to amend his petition to include his arguments under the "Peggy Schooner Doctrine," as well as his contentions concerning bills of attainder and ex post facto laws. While the trial court did not explicitly grant defendant's motion to amend, the trial court clearly considered his bill of attainder and ex post facto law contentions. To that extent defendant suffered no prejudice by the trial court's failure to explicitly grant his motion to amend.

Moreover, although the trial court did not specifically address defendant's assertion under the "Peggy Schooner Doctrine," defendant's argument in that regard is unavailing. In *United States v. Schooner Peggy* (1801), 1 Cranch 103, 5 U.S. 103, 2 L.Ed. 49, the court held that "if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied * * *.

In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." *Id.* at 110. Here, the change in law reflected by Am.Sub.S.B. No. 2 occurred long after defendant's case had been through the appellate process and had reached final judgment. Because the "Peggy Schooner Doctrine" does not apply here, defendant suffered no prejudice by the trial court's failure to consider that aspect of defendant's motion to amend.

Given the foregoing, the trial court did not err in finding no substantive ground to support defendant's motion for postconviction relief. Defendant's eight assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER and LAZARUS, JJ., concur.