On June 12, 1991, defendant-appellant Raymond Abelt entered guilty pleas to two counts of rape, R.C. 2907.02. Abelt was sentenced on July 5, 1991 to a term of five years to twenty-five years on each count, with the sentences ordered to run concurrently. On or about September 18, 1996, Abelt filed a petition to vacate and/or set aside his sentence pursuant to R.C.2953.21 (A). After further pleading, the court denied Abelt's petition on June 2, 1998 with findings of fact and conclusions of law. Abelt's appeal presents two assignments of error[1] and contends that the trial court wrongly denied him post-conviction relief by refusing to apply Am.Sub.S.B. 2 to his case. We disagree.
Section 5 of Am.Sub.S.B. No. 2 states: "The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date * * *." By its express terms, Am.Sub.S.B. No. 2 does not apply to persons convicted and sentenced prior to July 1, 1996.State ex rel. Smith v. Sage (1998), 83 Ohio St.3d 209; State exrel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332.
The refusal of the General Assembly to retroactively apply the sentencing provisions of Am.Sub.S.B. No. 2 to persons, like Abelt, who were convicted and sentenced before July 1, 1996 does not violate the rights to equal protection or due process of law under the Fourteenth Amendment to the United States Constitution.State ex rel. Maynard v. Corrigan, supra; State ex rel. Lemmon v.Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186. Declining to apply this new sentencing scheme to relieve Abelt from the lawful sentence previously imposed on him under the former sentencing law likewise does not offend the constitutional proscriptions against cruel and unusual punishment, bills of attainder, or ex post facto legislation. See State v. Woodman (1997), 122 Ohio App.3d 774.
Abelt refers to other statutory amendments, but they do not affect his conviction or sentence, so his reliance on State v.Wilson (1997), 77 Ohio St.3d 334, is misplaced. Moreover, he would not benefit from subsequent legislative changes because R.C. 1.58 (B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment,if not already imposed, shall be imposed according to the statute as amended." (Emphasis added.) Because Abelt's sentence was imposed prior to July 1, 1996, R.C. 1.58 (B) does not benefit him. See State ex rel. Maynard v. Corrigan, supra.
The trial court correctly denied Abelt's petition to vacate and/or set aside his sentence pursuant to R.C. 2953.21 (A). SeeState v. Reeder (July 9, 1998), Cuyahoga App. No. 73024, unreported; State v. Klostermeyer (Apr. 23, 1998), Cuyahoga App. Nos. 72385/72386, unreported; State v. Abelt (Feb. 27, 1997), Cuyahoga App. No. 71361, unreported. Abelt's assignments of error are overruled, and the judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________________ DIANE KARPINSKI PRESIDING JUDGE
[1] Abelt's assignments of error are reproduced in the Appendix
 Appendix I. IT WAS ERROR FOR THE CUYAHOGA COURT OF COMMON PLEAS NOT TO VACATE OR SET ASIDE SENTENCE PURSUANT TO O.R.C. § 2953.21 (A), CONTRARY OHIO CONSTITUTION, ARTICLE I, SECTIONS, 2, 5, 6, 9, 10, 11, 12, 14, 16, 19, 20, ARTICLE II, SECTIONS, 15 (D), § 26, § 28, CONTRARY TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS, 9, CL. 3, 10, CL. 1, AMENDS. 1, 4, 5, 6, 7, 8, 9, 2, 10, 11, 13, 14, 21, ART. VI, CL. 2, ART. VI, CL. 3.
 II. IT WAS ERROR FOR THE CUYAHOGA COURT OF COMMON PLEAS NOT TO VACATE CONVICTION AND SENTENCE PURSUANT TO O.R.C. § 2953.21 (A), CONTRARY OHIO CONSTITUTION, ARTICLE I, SECTIONS 2, 5, 6, 9, 10, 11, 12, 14, 16, 19, 20, ARTICLE II, SECTIONS 15 (D), § 26, 28, CONTRARY TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 9, CL. 3, 10, CL. 1, AMENDS. 1, 4, 5, 6, 7, 8, 9, 2, 10, 11, 13, 14, 21, ART. VI, CL. 2, ART. VI, CL. 3.