DECISION
Plaintiff-appellant, Julius Watkins, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, the Ohio Department of Rehabilitation and Correction, the State of Ohio, the Ohio Criminal Sentencing Commission, and The Honorable C. J. Prentiss. Because the trial court properly granted defendants' motion to dismiss, we affirm.
On June 22, 1998, plaintiff filed a complaint in the Franklin County Court of Common Pleas, the contents of which are largely incomprehensible. The complaint, however, appears to assert that plaintiff was improperly incarcerated because the passage of Am.Sub.S.B. No. 2 abolished all of the laws under which he was being held. While attempting further to assert a claim that his due process rights were being violated and that he was being subjected to cruel and unusual punishment in violation of theEighth Amendment, plaintiff also sought monetary damages against each named defendant.
In response, defendants filed a motion to dismiss, which the trial court granted. Plaintiff appeals, assigning the following errors:
 I. THE COURT'S DECISION WAS IN ERROR AND BIAS, IN DISMISSING PLAINTIFF(S) CASE BECAUSE PLAINTIFF(S) WAS ACTING PRO SE.
 II. THE COURT'S DECISION WAS IN ERROR AND PREJUDICE, IN DISMISSING PLAINTIFF(S) CASE BECAUSE PLAINTIFF(S) WAS ACTING PRO SE.
 III. THE COURT'S DECISION WAS IN ERROR AND DISCRIMINATED AGAINST PLAINTIFF(S) IN DISMISSING PLAINTIFF(S) CASE BECAUSE PLAINTIFF(S) WAS ACTING PRO SE.
 IV. THE COURT'S DECISION WAS IN ERROR AND AGAINST THE MANIFEST WEIGHT OF THE PHYSICAL EVIDENCE, IN DISMISSING PLAINTIFF(S) CASE BECAUSE PLAINTIFF(S) WAS ACTING PRO SE.
 V. THE COURT'S DECISION WAS IN ERROR AND CONTRARY TO THE UNITED STATES SUPREME COURT'S RULING, THAT PRISONERS HAVE A RIGHT TO GO TO TRIAL WHEN THERE [sic] CONSTITUTIONAL RIGHT'S HAVE BEEN VIOLATED BY STATE STAFF.
Because plaintiff's assignments of error are interrelated, we address them jointly. In essence, they challenge the trial court's granting defendants' motion to dismiss.
In reviewing defendants' motion to dismiss, the trial court was required to accept as true all the factual allegations of plaintiff's complaint, and to draw all reasonable inferences in favor of plaintiff. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. In order to properly grant defendants' motion to dismiss for failure to state a claim, the trial court must find beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. O'Brien v. Univ. Community Tenant'sUnion, Inc. (1975), 42 Ohio St.2d 242, 245.
Contrary to plaintiff's contentions, Am.Sub.S.B. No. 2 did not abolish the sentencing provisions in effect prior to July 1, 1996; rather, for the most part it amended those statutes as they are applied to all crimes committed on or after July 1, 1996. The passage of Am.Sub.S.B. No. 2 does not entitle plaintiff to application of the new provisions found in Am.Sub.S.B. No. 2, nor does it entitle plaintiff to immediate release. Indeed, as the trial court noted, to the extent plaintiff contends, albeit erroneously, that he is entitled to immediate release from incarceration due to the changes made by Am.Sub.S.B. No. 2, plaintiff should have brought a habeas corpus action. State exrel. Adkins v. Ohio Adult Parole Auth. (1998), 82 Ohio St.3d 171,172; Finfrock v. Ohio Adult Parole Auth. (1998), 80 Ohio St.3d 639,640.
To the extent plaintiff contends Am.Sub.S.B. No. 2 is unconstitutional, his argument is unpersuasive. In State v. Rush
(1998), 83 Ohio St.3d 53, the Ohio Supreme Court found Am.Sub.S.B. No. 2 does not violate the constitutional prohibition against expost facto and retroactive legislation. Moreover, in State ex rel.Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, the Ohio Supreme Court held that "the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate the rights to equal protection and due process under theFourteenth Amendment to the United States Constitution." Id. at 188. Similarly, this court in State v. Woodman (1997), 122 Ohio App.3d 774
found the failure to retroactively apply Am.Sub.S.B. No. 2 does not constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Accordingly, even if plaintiff's complaint be an appropriate vehicle for challenging the constitutionality of Am.Sub.S.B. No. 2, plaintiff's contentions are without merit.
To the extent plaintiff seeks money damages for the alleged tort actions of defendants Ohio Department of Rehabilitation and Correction and the State of Ohio, the common pleas court lacks jurisdiction to hear those claims. See R.C. Chapter 2743.
Finally, we are unable to ascertain that plaintiff has leveled any allegations against C. J. Prentiss. Rather, plaintiff seems to generally assert the legislature has abrogated his constitutional rights by enacting Am.Sub.S.B. No. 2. As noted, however, the statute has been upheld against constitutional challenge. Thus, even ignoring the deficiencies in plaintiff's pleadings concerning plaintiff's claims against C. J. Prentiss, his allegations in substance fail to state a claim upon which relief may be granted.
Because plaintiff's complaint fails to state a claim upon which relief may be granted against defendants in the common pleas court, we overrule his assigned errors and affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.