OPINION
Defendant-appellant Eldon Vincent appeals from the April 12, 1999, Journal Entry of the Morgan County Court of Common Pleas adjudicating him a sexual predator as defined in Revised Code Section 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 10, 1996, a Bill of Information was filed in the Morgan County Court of Common Pleas charging appellant with five counts of gross sexual imposition in violation of Revised Code 2907.05. The Bill of Information indicated that all five counts were felonies of the fourth degree. On April 10, 1996, appellant who appeared without counsel, waived prosecution by indictment and pleaded guilty to the five counts of gross sexual imposition contained in the Bill of Information, which, at the request of appellee, had been amended to felonies of the third degree. All five counts of gross imposition, which occurred on or between January 11, 1994, and July 1, 1995, involved appellant's granddaughter. A Journal Entry memorializing appellant's plea was filed on April 17, 1996. Appellant was sentenced on April 25, 1996, to two years on each count of gross sexual imposition in violation of Revised Code Section 2907.05. The trial court ordered that the sentences run consecutively for an aggregate sentence of ten years in prison. Appellant's sentence was memorialized in a Journal Entry filed on April 26, 1996. After the enactment of Revised Code 2950, Ohio's Version of Megan's Law, the trial court, on March 13, 1998, filed a "Notice of Consideration of Sexual Predator Status." The trial court, in its notice, indicated that the Ohio Department of Rehabilitation and Corrections had recommended that appellant be adjudicated a sexual predator and, requested that appellee determine whether appellant was a sexual predator. Thereafter, appellee, on March 16, 1998, filed a notice contending that appellant was a sexual predator as defined in Revised Code Section 2950.01(E). Subsequently, appellant's counsel filed a "Motion to Have Question as to the Applicability of the Sexual Predator Adjudication Decided by Jury, a motion to dismiss the proceedings on double jeopardy grounds, and a "Motion to Dismiss for Violation of the Prohibition Against the Application of Ex Post Facto and Retroactive Laws." Pursuant to a Journal Entry filed on December 17, 1998, the trial court overruled appellant's motions challenging the constitutionality of the sexual predator statutory scheme. A sexual predator hearing was scheduled for April 7, 1999. On such date, appellant's counsel filed a "Memorandum and Motion Renewal for Sexual Predator Hearing," alleging that Revised Code 2950.01 et. seq. is unconstitutional on numerous grounds. Thereafter, the sexual predator hearing was conducted on such date before the Court of Common Pleas. At the April 7, 1999, sexual predator hearing, the prosecutor stated on the record as follows: "Your Honor, the, in looking again at 2950.09 from the record the court can see that the defendant is 75 years old. . . .the age of the victim was a juvenile. That the actual offense plead to involved one victim. No alcohol or drugs. No prior sentence with available programs. Dr. Haskins' report does point out a mental disability of this defendant. The nature of the defendant's sexual activity was gross sexual imposition. Cruelty again no torture was involved in this type of thing. Any additional behavioral characteristic's [sic] that contributed to the defender's [sic] conduct would be that the victim that he plead to in this case was a granddaughter. The State would further point out that and the Court can see this in the state's memorandum opposing shock probation that the state was prepared to also to go to trial on the charges that involved two other granddaughters of this defendant. That those charges were not pursued in exchange for the defendant's plea on this particular case. Given the defendant's actions with a close family member, given the fact that in deed it was a teen, a young teen, that was a victim of this the state therefore feels that there is a likelihood that this defendant would be a repeat offender and therefore that he should be classified as a sexual predator." Transcript of April 7, 1999, Hearing, at pages 5-6.
Appellant's counsel, in turn, emphasized that sexual offenses involving family members have the lowest recidivism rate of any kind of sexual offender. Appellant submitted a study of the five year recidivism follow-up rate of sex offenders released in 1989 as an exhibit at the hearing. At the conclusion of the hearing, the trial court found by clear and convincing evidence that appellant was a sexual predator. The trial court, in so holding, stated as follows: "To make that decision the Court has looked solely at its Court file and considered both the report, the evaluation report of Dr. Haskins, and the five-year recidivism follow-up on 1989 offender releases, and based upon those findings and the statements of Dr. Haskins report the Court is required to find by clear and convincing evidence that the defendant is likely to commit another sexually oriented offense in this case." Transcript of April 7, 1999, Hearing at 10.
Pursuant to a Journal Entry filed on April 12, 1999, the trial court overruled appellant's motion to reconsider the unconstitutionality of the sexual predator law and also adjudicated appellant a sexual predator. It is from the April 12, 1999, Journal Entry that appellant prosecutes his appeal raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED BY ENTERING AN ORDER OVERRULING APPELLANT'S MOTION TO CHALLENGE THE CONSTITUTIONALITY OF OHIO REVISED CODE SECTION 2950.01 ET SEQ. (OHIO'S MEGAN LAW) AND THEN FINDING THAT SUCH STATUTORY SCHEME WAS CONSTITUTIONAL.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION THAT OHIO REVISED CODE SECTION 2950.01 ET SEQ. WAS UNCONSTITUTIONAL AND THAT IT VIOLATED ARTICLE 1, SECTION 1 AND ARTICLE 1, SECTION 16
OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING THAT APPELLANT A SEXUAL PREDATOR AS TO FIND BY SECTION 2950.01 ET SEQ. OF THE OHIO REVISED CODE WHEN SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. [SIC]
 I
Appellant, in his first assignment of error, maintains that the trial court erred by finding Revised Code Section 2950.01 et. seq. constitutional. Appellant raises several constitutional arguments which shall be addressed below. I(1) In the first subsection to appellant's first assignment of error, appellant argues that Revised Code Section 2950.01 et. seq. is unconstitutional as applied to him because it violates the prohibition against ex post facto laws set forth in Article I, Section 10 of the United States Constitution. The ex post facto prong of appellant's argument is overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404, and State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported. Even though Cook specifically dealt with a factual situation, that fell under Revised Code 2950.09(B)(1) in which the defendant was sentenced after the effective date of2950.09(B)(1), and the case before this court deals with a factual situation that falls under R.C. 2950.09(C)(1) (in which defendant was sentenced and serving prison time before 2950.09(C)(1) became effective), this court finds the reasoning in Cook to be applicable to the situation before this court. The portion of H. B. 180 dealing with a new classification system for sex offenders (2950.09) became effective on January 1, 1997. The registration, verification and community notification provisions of H.B. 180 became effective on July 1, 1997. With respect to subsection I(1) the following language in Cook applies: "We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one." Cook supra, at 423. Cook further states, "We find that the registration and notification provisions of R.C. Chapter 2950 do not violate ex post facto clause because its provisions serve the remedial purpose of protecting the public." The assignment of error contained in subsection I(1) is, therefore, overruled. I(2) Appellant, in the second subsection to his first assignment of error, argues that Revised Code Section2950.01 et seq. constitutes a bill of attainder. A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision for the protections of a judicial trial. State v. Woodman (1997), 122 Ohio App.3d 774, 778 citing Nixon v. Adm. of Gen Serv. (1977), 433 U.S. 427, 468. However, the Ohio Supreme Court clearly provided that the provisions of Revised Code Chapter 2950 are remedial rather than punitive in nature. See Cook, supra. "[W]e find that the absence of any punitive element in R.C. Chapter 2950 necessarily precludes the statute from being an unconditional bill of attainder." See State v. Ward (1999),130 Ohio App.3d 551, 570. Part two of appellant's first assignment of error is, therefore, overruled. I(3) Appellant, in subsection three to his first assignment of error, submits that Revised Code Section 2950.01 et seq. cannot be applied to him under the prohibition against retroactive laws set forth in Article II, Section 28, of the Ohio Constitution. The assignment of error raised in subsection three of appellant's first assignment of error is overruled on the authority of State v. Cook, supra, and State v. Nosic, supra. The Cook court determined that the registration, verification and notification portions of H.B. 180 did not violate the prohibition against retroactive laws. Citing the New Jersey Supreme Court in Doe v. Poritz (1995), 142 N.J. 1,662 A.2d 367, Cook (p. 412) sets forth the following: "if the law did not apply to previously convicted offenders, notification would provide practically no protection now, and relatively little in the near future. The Legislature reached the irresistible conclusion that if community safety was its objective, there was no justification for applying these laws only to those who offend or who are convicted in the future, and not applying them to previously convicted offenders . . . The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously convicted offenders, when the nature of those risks were identical . . .". Cook (p. 414) further states, "[t]o hold otherwise would be `to find that society is unable to protect itself from sexual predators by adopting the simple remedy of informing the public of their presence.'"(Citing Doe v Poritz, 142 N.J. at 109,662 A.2d at 422) For the foregoing reasons, the argument contained in the third subsection to appellant's first assignment of error is overruled. I(4) Appellant, in subsection four to his first assignment of error, challenges the constitutionality of Revised Code Section 2950.01 on double jeopardy grounds. This portion of appellant's first assignment of error is overruled on the authority of Nosic, supra, at pages 2 and 3 and State v. Bair (Feb. 1, 1999), Stark App. No. 1997 CA 0232, unreported. I(5) In subsection five of his first assignment of error, appellant argues Revised Code 2950.09 violates his right to a jury trial under the Ohio and the United States Constitutions. Article I, Section 5 of the Ohio Constitution holds the right of trial by jury inviolate. This court previously, in State v. Ridenbaugh (May 27, 1999), Licking App. No. 97CA149, 97CA150, 97CA153, 97CA154, unreported, specifically found that no right to a trial by jury exist in a sexual predator classification hearing. In so holding, this court stated as follows: ". . . The right to a jury does not apply to statutory actions unknown at common law unless the statute provides the right to a jury trial. McIntyre v. Northern Ohio Properties (1979), 64 Ohio App.2d 179. The Ohio Constitution preserves the right to a jury trial only in the civil actions where the right existed prior to the adoption of a constitution. Belden v. State et rel Heifner (1929), 121 Ohio St. 393. The sexual predator classification and notification provisions are special statutory proceedings not present in common law. Further the statute does not contain a provision for a jury trial; only a hearing before a trial judge is contemplated."
Accordingly, subsection five of appellant's first assignment of error is overruled. I(6) Appellant, in subsection six to his first assignment of error "submits that Revised Code Section 2950.01 et seq. is unconstitutional because either on its face or as applied to him, it did not provide him the benefit of having the sexual predator issue first determined by a grand jury and presented as a specification and an indictment/or complaint charging process and because he was required to stand trial on the issue of sexual predator or that having the constitutional benefit of having the matter first presented to a grand jury and/or presented in an indictment or complainant charging process." However, each of appellant's arguments presupposes R.C. Chapter 2950 is criminal in nature. However, as noted previously, the Ohio Supreme Court in Cook, supra. has specifically found chapter 2950 remedial rather than punitive nature. Accordingly, the constitutional protections afforded a criminal defendant are not implicated. For this reason, subsection six of appellant's first assignment of error is overruled. I(7) Appellant, in the seventh and final subsection of his first assignment of error, argues that Revised Code Section2950.01 et seq. is unconstitutionally vague. The argument raised in subsection seven of appellant's first assignment of error is overruled on the authority of Cook, supra and Nosic, supra. For the foregoing reasons, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains that R.C. 2950 violates Article I, Section I of the Ohio Constitution as well as Article I, Section 16 of the Ohio Constitution. While the Supreme Court of Ohio has yet to evaluate the constitutionality of R.C. Chapter 2950 in light of Section 1, Article I or Section 16, Article 1 of the Ohio Constitution, that court has sent a strong indication of the statutes' constitutionality by way of its decision in State v. Cook (1998), 83 Ohio St.3d 404. In Cook at 413-414, the Supreme Court of Ohio stated as follows: "This court is not blind to the effects of the notification provisions of R.C. Chapter 2950. Offenders may become ostracized from society and even experience harassment. However, `an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right; infringement of more "tangible interests" must be alleged as well.' (Citation omitted.) Borucki v. Ryan (C.A.1, 1987), 827 F.2d 836, 842-843. Further, `[t]he harsh consequences [of] classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions.' State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, 1997 WL 786216.
As to the dissemination of information regarding the offender's status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders. We cannot conclude that the Retroactivity Clause bans the compilation and dissemination of truthful information that will aid in public safety. In addition, this dissemination requirement imposes no burden on the defendant; the duty to notify the community applies only to the sheriff with whom the defendant has most recently registered.
Thus, we conclude that these dissemination provisions do not impinge on any reasonable expectation of finality defendant may have had with regard to his conviction for gross sexual imposition, and that he, therefore, had no substantive right in this regard. See Matz, 37 Ohio St.3d at 281, 525 N.E.2d at 808. Consequently, the General Assembly could permissibly impose these additional obligations without infringing on a substantive right."
The Cook court further stated the following at 418:
 "R.C. Chapter 2950 requires all classifications of sex offenders to register with the sheriff of the county in which the offender resides. R.C. 2950.04(A). The act of registering does not restrain the offender in any way. Registering may cause some inconvenience for offenders. However, the inconvenience is comparable to renewing a driver's license. Thus, we find that the inconvenience of registration is a de minimis administrative requirement."
While admittedly the Cook case was decided on different constitutional issues, we find the cited dicta to be persuasive. Appellant's second assignment of error is, therefore, overruled.
 III
Appellant, in his third assignment of error, contends that the trial court's adjudicating him a sexual predator as defined in Revised Code 2950.01(E) is against the manifest weight of the evidence. In State v. Cook, supra the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly, judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(D)(1), a violation of R.C.2907.05 is a sexually oriented offense. R.C. 2950.09(C) sets forth that the trial court shall consider the factors listed in R.C.2950.09(B)(2) in determining whether someone is a sexual predator, and shall only make such determination if the trial court finds the evidence is clear and convincing. (R.C. 2950.09(C)(2)(b)) R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavior characteristics that contribute to the offender's conduct." The trial court, in adjudicating appellant a sexual predator, stated at the April 7, 1999, hearing that it "[l]ooked solely at its Court file and considered both the report, the evaluation report of Dr. Haskins, and the five-year recidivism followup on 1989 offender releases." Transcript of April 7, 1999, Proceedings at page 10. The court file reveals that appellant, who was 75 years old at the time of the April 7, 1999, hearing, plead guilty to five counts of gross sexual imposition involving a juvenile victim. The five counts of gross sexual imposition, which involved appellant's granddaughter, occurred on or between January 1, 1994, and July 1, 1995. No alcohol or drugs were involved in any of the incidents. A psychological evaluation conducted on appellant by Dr. Kristen Haskins just prior to the sexual predator hearing found that appellant had a mental illness identified as mild cognitive disorder. Appellant, during his evaluation by Dr. Haskins, stated that he had "fooled with a young girl" who he later identified as his granddaughter. While Dr. Haskins indicated in her report that she was unable to form an opinion as to whether appellant was a sexual predator, she stated as follows in her April 2, 1999, report: "Mr. Vincent has offered very little information related to the sexual predator issues, however, it is noted that he is of advanced age. He appears to have minimal prior legal difficulties. His victims all appear to be female relatives, daughters, granddaughters. There appear to be at least three or four victims over a span of years. Drugs and alcohol do not appear to have been central in his pattern. There is no known prior conviction for sexual offenses. He does not appear to have had a mental illness or mental disability at the times of the offenses, with the exception of possibly some beginning mild cognitive deficits. Variable information indicates that his offending apparently was limited to inappropriate sexual contact. There is no report of cruelty or threats of cruelty. In this his offending appears to be limited to incest offending, this would place him in the group of sexual offenders who have the lowest recidivism rate."
Moreover, during an interview taken at the Morgan County Sheriff's Office in March of 1996, which was part of the trial court's file, appellant admitted to molesting his granddaughter Jessica maybe 20 times over a period of two years. Appellant testified during the interview that he had touched his granddaughter "down below her belly, lower, pee hole," and that he had touched her on her breast and belly. According to appellant, at least some of the molestation occurred when appellant's granddaughter was nine years old. In addition, the prosecutor stated at the April 7, 1999, hearing that: "The State would further point out that and the Court can see this in the state's memorandum opposing shock probation that the state was prepared too [sic] also go to trial on the charges that involved two other granddaughters of this defendant. That those charges were not pursued in exchange for the defendant's plea on this particular case." Transcript of April 7, 1999, Hearing at page 6. Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the April 7, 1999, hearing. We further find that the evidence presented and the findings made by the trial court at the hearing support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The Judgment of the Morgan County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, J. and FARMER, J. concurs