DECISION
Defendant-appellant, Mark A. Strickland, appeals from a judgment of the Franklin County Court of Common Pleas overruling his "Motion to Vacate and set aside the degree of the Offense, Sentence, Pursuant to SubSection2953.21 (G) and AM S.Bill 2," also referred to by defendant as a "Motion to Advise and Re-Sentence according to the new law in effect on July 1, 1996."
By indictment of February 20, 1992, defendant was charged with two counts of complicity to commit aggravated robbery and one count of possessing a dangerous ordnance arising out of a January 31, 1992 incident. Each count contained a firearm specification. In a separate indictment, defendant was charged with aggravated robbery, with a firearm specification, and robbery arising out of a December 9, 1991 incident, as well as aggravated robbery, with a firearm specification, and robbery arising out of an incident on December 29, 1991. Pursuant to the state's motion, the cases were consolidated for trial and defendant ultimately was convicted of aggravated robbery with a firearm specification and robbery arising out of the December 9, 1991 incident, aggravated robbery with a firearm specification and robbery as a result of the December 21, 1991 incident, and two counts of aggravated robbery by complicity arising out of the January 31, 1992 incident. The trial court sentenced defendant, and defendant appealed. On appeal, this court affirmed the judgments of the trial court. State v. Strickland (Oct. 13, 1994), Franklin App. No. 93APA10-1445, unreported.
On May 22, 2001, defendant filed a "Motion to Vacate and set aside the degree of the Offense, Sentence, Pursuant to SubSection 2953.21 (G) and AM S.Bill 2." The trial court on June 6, 2001, overruled defendant's motion. Defendant appeals, assigning three errors:
 I. AMENDED SUBSTITUTE SENATE BILL 2 SUBSTANTIALLY PREJUDICES AND UNJUSTLY DISCRIMINATES AGAINST APPELLANT BY LYING CLEARLY IN CONFLICT WITH AND IN DIRECT VIOLATION OF ARTICLE II, SECTION 26 OF THE OHIO CONSTITUTION.
 II. THE OHIO GENERAL ASSEMBLY, THROUGH THE LEGISLATION OF SENATE BILL 2, HAS DENIED APPELLANT EQUAL PROTECTION OF THE LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.
 III. THE APPELLANT [sic] SENTENCE IS UNCONSTITUTIONALLY DISPROPORTIONATE TO THE NEWLY ENACTED SENTENCE STATUTE IN SENATE BILL 2.
Because defendant's three assignments of error are interrelated, we address them jointly. Together they challenge the constitutionality of Am.Sub.S.B. No. 2 ("S.B. 2") as violating defendant's right to uniform application of the laws under Section 26, Article II, Ohio Constitution, and to equal protection of the law under the Fourteenth Amendment to the United States Constitution, and Section 2, Article I, Ohio Constitution.
S.B. 2 has been found constitutional in every respect defendant challenges. More particularly, in State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, the Ohio Supreme Court found "the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution." Id. at 188. Moreover, because the federal equal protection guarantee is coextensive with the protections afforded under the Ohio Constitution, S.B. 2 does not violate Section 2, Article I, Ohio Constitution. See City of Cleveland v. Indus. Comm. (1983), 8 Ohio App.3d 7.
Nor does S.B. 2 violate the constitutional prohibitions against ex post facto and retroactive legislation. State v. Rush (1998), 83 Ohio St.3d 53, paragraph three of the syllabus, certiorari denied (1999), 525 U.S. 1151. Similarly, a trial court's failure to retroactively apply the provisions of S.B. 2 does not constitute cruel and unusual punishment or a bill of attainder. State v. Woodman (1997), 122 Ohio App.3d 774, 778. Lastly, the provisions of S.B. 2 do not violate the uniform operation of laws under the Ohio Constitution. State v. Swain (Mar. 24, 1998), Ross App. No. 97CA2320, unreported.
In the final analysis, the courts have upheld the express legislative intent that S.B. 2 be applied only to crimes committed on or after July 1, 1996. Because the crimes for which defendant was convicted occurred prior to that date, the provisions of S.B. 2 do not apply. Accordingly, defendant's three assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.